# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2025

Lyle W. Cayce
Clerk

No. 25-10161
Summary Calendar

Wendell Reese; Karen Reese,

*Plaintiffs—Appellants*,

*versus*

Wells Fargo; Breckenridge Property Fund 2016 LLC,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-524

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

This case represents the latest attempt by pro se Plaintiff-Appellants Wendell and Karen Reese to avoid the foreclosure of, and eviction from, their home in Desoto, Texas. The district court granted summary judgment in favor of Defendant-Appellees Wells Fargo and Breckenridge Property Fund 2016 LLC. For the reasons stated below, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10161

In 2005, the Reeses took a $225,500 home-equity loan from Wells Fargo, secured by their home at 508 Lilac Lane. They last paid on the loan in September 2012. After a decade of bankruptcies and lawsuits, Wells Fargo successfully foreclosed on and auctioned Lilac Lane in January 2022, with Breckenridge the successful bidder. Breckenridge then commenced eviction proceedings in Texas state court and obtained a final judgment of eviction on September 23, 2022; a writ of possession issued on February 9, 2023.

On January 24, 2023, the Reeses brought this suit in Texas state court, alleging wrongful foreclosure and violations of the Real Estate Settlement Procedures Act (RESPA), Texas Debt Collection Act, and Coronovirus Aid, Relief and Economic Security Act. They sought damages and an injunction restraining eviction, though the state court denied their application for a temporary restraining order on February 15, 2023. Breckenridge executed on its writ and evicted the Reeses from Lilac Lane on March 1, 2023. The following week, Wells Fargo removed the case to federal court given the RESPA claim, and both Defendants moved for summary judgment.

A magistrate judge recommended that Wells Fargo's motion be granted because the Reeses failed to prove any of the three elements for a wrongful-foreclosure claim under Texas law. The magistrate judge further found the Reeses abandoned their RESPA, TDCA, and CARES Act claims by failing to respond to Wells Fargo's summary-judgment arguments supporting their dismissal. He also recommended summary judgment for Breckenridge because the relief the Reeses sought—an injunction to prevent eviction—was mooted once the Reeses were evicted and, otherwise, would violate the Rooker-Feldman doctrine. The district judge adopted both reports and recommendations over the Reeses' objections, and the Reeses

No. 25-10161

timely appealed. "We review de novo a district court's grant of summary judgment, applying the same standards as the district court."[1]

While we liberally construe pro se briefs, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28."[2] The Reeses have not overcome this lowered bar, primarily because their brief does not engage the district court's reasons for entering summary judgment against them.[3] It does not discuss the elements of a wrongful-foreclosure claim and, instead, continues citing a rule of Texas civil procedure the district court explained does not exist (rule "736.15"). The brief superficially disagrees with the conclusion that eviction mooted the Reeses' request for injunctive relief, but offers no substantive authority or argument to upset that ruling.[4] Nor does the brief challenge the district court's finding that the Reeses abandoned their statutory claims on summary judgment.[5] The brief also fails to identify a genuine dispute as to any material fact necessary to

---

[1] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021).

[2] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[3] *Hernandez v. Causey*, 124 F.4th 325, 335 (5th Cir. 2024) ("Where a party's opening brief barely addresses the district court's analysis and wholly neglects to explain how it erred, the party forfeits that argument." (quoting *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (cleaned up))), *cert. denied*, 145 S. Ct. 1930 (2025); *Milteer v. Navarro County*, 99 F.4th 268, 274 n.17 (5th Cir. 2024).

[4] *Sherman v. Johnson*, No. 22-30693, 2023 WL 4704141, at *1 (5th Cir. July 24, 2023) (per curiam) ("When a litigant loses in state court, they are barred from subsequently bringing that same claim in federal court. This is known as the Rooker-Feldman doctrine, which applies to eviction-related proceedings." (internal citations omitted)).

[5] The brief raises new arguments on the statutory claims, which we will not consider in the first instance. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

No. 25-10161

defeat summary judgment.[6] The collective effect of these omissions is the same as if the Reeses had not appealed at all.[7]

We note, as well, that our review of the record did not reveal a genuine dispute as to any fact material to the judgment appealed. Absent such a dispute, summary judgment was not only appropriate, but required under Rule 56(a).[8]

Finally, the Reeses complain about nonspecific evidentiary rulings by the district court which do not affect the dismissal of this suit. The judgment is AFFIRMED. The mandate shall issue forthwith.

---

[6] *See United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (finding brief without record citations inadequate).

[7] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[8] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").